UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

FRED HAYWOOD,

    Petitioner,

V.

WARDEN OF USP-BIG SANDY,

    Respondent.

Civil Action No. 7: 20-056-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Fred Haywood is a federal prisoner currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Haywood has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his Public Safety Factor ("PSF") designation at USP-Big Sandy. In his § 2241 petition and supporting memorandum [R. 1, 6], Haywood claims that the PSF designation had previously been removed by the Warden at FCI-Terre Haute in 2015, but that he was re-designated as a PSF at USP-Big Sandy in 2019. As relief, he requests removal of the PSF. [R. 1 at p.8; R. 6 at p. 3]

In response, the Respondent Warden states that Haywood's PSF was removed on August, 11, 2020, thus his claim is moot, as no viable issues remain to be resolved. [R. 9 at p. 2] Haywood did not file a reply to the response and his time for doing so has now expired. Thus, this matter is ripe for review.

The case or controversy requirement of Article III, Section 2 of the United States Constitution limits the federal courts' jurisdiction to addressing "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character." *North*

*Carolina v. Rice*, 404 U.S. 244, 246 (1971)(citation omitted). If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot, and the court loses jurisdiction to entertain it. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002) (internal citations and quotation marks omitted).

In this case, Haywood's petition seeks an order directing the Respondent to remove the PSF. As the PSF has been removed, this Court is no longer able to provide Haywood with any further remedy. Therefore, the Court will deny Haywood's petition as moot. *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009).

Accordingly, it is hereby **ORDERED** as follows:

1. Haywood's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1, 6] is **DENIED AS MOOT**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

Dated October 22, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY